# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID L. WRIGHT, et al.,    )
          )
         Plaintiffs,   )
          )
v.            )    Case No. 98-1156-DWB
          )
CITY OF ST. FRANCIS, et al.,   )
          )
         Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is a letter from Appellant/Plaintiff, Juanita Wright (Doc. 309), requesting that the undersigned trial judge certify that the pending appeal (Tenth Cir. No. 05-3191) is valid and not frivolous so that Plaintiffs/Appellants may seek reconsideration of the Tenth Circuit's Order of June 9, 2005 (10th Cir. Docket, # 1815562), which denied Plaintiffs'/Appellants' motion for a court appointed attorney and a free transcript of their trial.[1]

In order to determine what issues Plaintiffs/Appellants (hereafter referred to collectively as the Wrights) are attempting to raise in their appeal, the court obtained a copy of their Motion for Court Appointed Attorney and Transcript of Trial. (10th Cir. Docket, # 1815324). In their motion, the Wrights claim that the

---

[1] The trial commenced March 8, 2005, and was submitted to the jury on March 11, 2005. Live testimony was received from ten witnesses, and portions of four depositions were read into the record. (Kan. Doc. No. 297.)

transcript is vital to the appeal to show: (1) that "Chief Krenning mentioned people and what they told him that he based his actions on and we were not allowed to call them as witnesses;" (2) that "the City of St. Francis went against how and what the judge said the case could include;" (3) "to show mistakes made and a bias against us by the judge;" and (4) "numerous things that the transcript will show that we will not go into here but will in the brief."  *Id.*

In the Order denying Wrights' motion for an attorney and free transcript, Chief Judge Tacha noted that the motion as to the transcript was "denied without prejudice to renewal upon a showing that this matter satisfies the prerequisites of 28 U.S.C. § 753(f).  That section provides, in relevant part, that

> Fees for transcripts furnished in other proceedings [other than criminal, habeas corpus and section 2255 proceedings] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that he appeal is not frivolous (but presents a substantial question)."

A "substantial question" as defined in 28 U.S.C. § 753(f) is a question which, judged on an objective basis, is "reasonably debatable."  *See* Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 97 (S.D.N.Y. 1976); Shabazz v. Cole, 69 F.Supp.2d 210, 227 (D. Mass. 1999).


**DISCUSSION**

2

First, the Wrights correctly note that they were allowed to file their current appeal without paying a filing fee. The Clerk's Office in the District of Kansas allows the filing of an appeal without a filing fee where the appellants have been allowed to proceed *in forma pauperis* in the district court. When this case was instituted in 1998, the court granted the Wrights' motion to proceed *in forma pauperis*. (Kan. Doc. No. 7).[2] Therefore, 28 U.S.C. § 753(f) is applicable.

In deciding whether the Wrights' appeal presents a substantial question and requires a trial transcript in order to present that question, the court will review each of the four categories of issues identified by the Wrights in their motion to the Tenth Circuit.

### 1.    *Not allowing persons to be called as witnesses.*

This issue was raised before trial by a motion in limine and supporting memorandum filed by Defendant, City of St. Francis, Kansas. (Kan. Doc. No's 273, 274 at 4, ¶ III). Wrights' attorneys responded (Kan. Doc. No. 278 at 2), and the City replied. (Kan. Doc. No. 282 at 2-3). The court held a hearing on March 2, 2005, to hear arguments of counsel. No evidence was presented at that hearing.

---

[2] Although the 1998 order allowed the Wrights to file their district court case without paying a filing fee, they later were represented by counsel, and in an earlier appeal to the Tenth Circuit (Tenth Cir. No. 02-3337), the appeal fee was paid by the Wrights or their counsel. *See* Letter of September 23, 2002 from Clerk of the U.S. District Court for the District of Kansas to Clerk of the United States Court of Appeals.

The court then issued its ruling (Kan. Doc. No. 291).  The three persons the Wrights wanted to call as witnesses were persons who allegedly told Chief Krenning that the Wrights were bragging about not paying their taxes, and that this was the basis for Krenning to contact the Kansas Department of Revenue to begin an investigation.  The court held that the proposed testimony of these three witnesses was not admissible under Fed. R. Evid. 608(b) because it was collateral in nature.  The court also held that such testimony was marginal, at best, and would confuse the jury and should therefore be excluded under Fed. R. Evid. 403.  (Kan. Doc. No. 291 at 11-12).

This issue was raised again by the Wrights in their Motion for Judgment Notwithstanding the Verdict or for a New Trial.  (Kan. Doc. No's 300, 301 at 2-5). The City responded (Kan. Doc. No. 302 at 7-9), and the Wrights replied.  (Kan. Doc. No. 303 at 3-4).  The court denied the motion in a written order reaffirming its prior in limine ruling.  (Kan. Doc. No. 304 at 11-14).

The undersigned believes that this specific issue as to the exclusion of evidence could raise a "substantial question" as to whether the proposed testimony was collateral in nature and was properly excluded.  Therefore, an appeal raising this issue is not frivolous in nature.  However, the court seriously questions whether a trial transcript is necessary to present this issue on appeal where the

4

issue has been raised and fully briefed in both a motion in limine and a later motion for new trial. The issue appears to be a legal question that does not require a full trial transcript to present on appeal.[3] *See* Morrell v. United States, 290 F.2d 208, 209 (9th Cir. 1961) (only question on appeal is one of law and transcript is not necessary to determine this question). *See also* Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), *rehearing denied* 758 F.2d. 651 (Table), *cert. denied* 471 U.S. 1126 (1985); Nolt v. Strausser, 761 F.Supp. 18 (E.D.Pa. 1990); United States v. Killion, 798 F.Supp. 1539 (D. Kan. 1992).

### 2.    *Evidence which should not have been allowed.*

This category apparently relates to testimony of a witness Lebfrom and whether her testimony about an incident with David Wright occurred prior to the date of the execution of the search warrant in this case. This issue was also raised in the post-trial briefing. (Kan. Doc. No's 301 at 2, ¶c; 302 at 3-7; 303 at 1-3). The court does not believe that it can certify that this is a substantial issue on appeal for the reasons set out in its prior Memorandum and Order denying the motion for new trial. (Kan. Doc. No. 304 at 14-17). In addition, this issue would

---

[3] In their post-trial motion, Wrights argued that the City of St. Francis "opened the door" by its direct examination of Chief Krenning. (D. Kan. Doc. 302 at 3.) Even if this continues to be their position on appeal, the only portion of a trial transcript that could possibly be relevant would be the testimony of Chief Krenning.

also appear to present a legal question which would not appear to require a full trial

transcript to present on appeal.[4]

### 3.    *Mistakes and bias by the trial judge.*

These allegations are so general in nature that the court is unable to certify

that this is a substantial issue on appeal.  Mr. Wright did write a letter to

undersigned judge and to the Clerk of the Court dated September 24, 2001, in

which Wright demanded that the undersigned withdraw all of his prior rulings in

the case and recuse himself.  (Kan. Doc. No. 225).  The court considered this letter

and issued its Memorandum and Order of September 28, 2001, refusing to recuse.

(Kan. Doc. No. 228).  After that ruling, Mr. Wright wrote another letter to the

undersigned judge and to the Clerk dated September 28, 2001. (Kan. Doc. No's.

229, 230).  Presumably these letters state the Wrights' claims of bias against the

trial judge.  If so, these claims were made long before trial and a trial transcript is

not necessary to pursue an appeal on this ground.

### 4.    *Unidentified things the transcript would show.*

---

[4]   The issue about when the Lebfrom incident occurred (before or after the
execution of the search warrant in this case) did not arise during trial, but was raised by
the Wrights in their post-trial motion.  The Wrights base their argument on a document
produced by the City of St. Francis during discovery, but that document was not brought
to the court's attention during trial and was not a trial exhibit.  An appeal from the court's
post-trial ruling that this was not newly discovered evidence and Plaintiffs had not been
diligent in finding this document would not require a trial transcript.

The claim that the transcript would reveal other things that the Wrights do not even attempt to identify is such a vague statement that the court cannot certify that this would be a substantial ground for an appeal.  Parties are not to be provided transcripts at government expense merely so they can comb the record in hope of discovering some flaw.  *Cf.* United States v. Houston, 310 F.Supp. 847 (D. Tenn. 1969); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

## CONCLUSION

As to one issue identified by Appellants, the question of whether the court erred in granting a motion in limine precluding testimony that was collateral in nature and therefore not admissible under Fed. R. Civ. P. 608, the court finds that this is an issue which could be "reasonably debatable" and therefore presents a substantial issue for appeal.  However, the court also concludes that a full trial transcript is not necessary to present that issue on appeal.

As to the remaining issues identified by Appellants, the court is not able to certify that they present substantial issues for appeal.

Dated at Wichita, Kansas this 6th day of July, 2005.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE